IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCE VREELAND, | No. C 09-5673 MEJ |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | **(Dkt. #10)** |
| TARGET CORPORATION, DARLA THOMPSON, and DOES 2-10, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is Plaintiff Vince Vreeland's Motion to Remand this action to state court. (Dkt. #10.) After consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court hereby **GRANTS** Plaintiff's motion for the reasons set forth below.

## II. BACKGROUND

On October 19, 2009, Plaintiff Vince Vreeland ("Plaintiff") brought this action against Defendant Target Corporation ("Target") in California Superior Court, County of San Benito. (Removal Pet. Ex. B, Dkt. #1.) Plaintiff alleges damages arising out of a slip and fall incident at the Gilroy, California Target store on January 2, 2009. *Id.*

On December 2, 2009, Target, a Minnesota corporation, removed the action to this Court

pursuant to 28 U.S.C. § 1441(b), based on the diversity of citizenship between itself and Plaintiff, a California resident, and based on Target's belief that Plaintiff's alleged injuries would cause the amount in controversy to exceed $75,000, exclusive of attorney's fees and costs. (Removal Pet. 2:16-19, Dkt. #1; Trabish Decl. ¶ 4, Dkt. #16.) Additionally, Target filed an Answer on December 2, 2009. (Dkt. #2.) Plaintiff thereafter filed his First Amended Complaint ("FAC") on December 18, 2009, naming Target store manager and California resident Darla Thompson (collectively with Target, "Defendants") as a defendant. (Pl.'s FAC ¶ 2, Dkt. #8.)

On December 21, 2009, Plaintiff filed the present motion to remand. (Dkt. #10.) Based on the addition of a non-diverse defendant, Plaintiff asks this Court to remand the action back to the superior court. (Pl.'s Mot. 2:19-21, Dkt. #10.) Target filed an opposition on January 4, 2010, (Dkt. #15), to which Plaintiff subsequently filed a reply (Dkt. #18). On February 1, 2010, the Court found this matter suitable for disposition without a hearing and vacated the February 4, 2010 hearing date. (Dkt. #21.)

### III. DISCUSSION

In his motion to remand, Plaintiff argues that complete diversity of citizenship does not exist between him and Defendants Target and Thompson, and that the amount in controversy does not exceed $75,000. (Pl.'s Mot. 1:25-2:2, Dkt. #10.) While the Court notes that removal may have been proper at the time of removal, based on the diversity of citizenship between Plaintiff and Target, and Target's belief that the amount in controversy would be in excess of $75,000, Plaintiff argues his amended complaint defeats any claim of diversity. *Id.* at 2:20-21. In response, Target argues that Plaintiff improperly amended his complaint to add Thompson, and that joining her was a sham aimed at defeating diversity. (Def.'s Opp'n 3:6-7, 4:3-4, Dkt. #15.) Target argues that even though discovery has not yet been propounded, Plaintiff was aware of the identity of Thompson as early as January 3, 2009 (prior to filing his complaint) when he reported his injury to her. (Def.'s Opp'n 4:2-3, Dkt. #15; Trabish Decl. ¶ 5, Ex. D, Dkt. #16.) Additionally, Target argues that joinder of Thompson is a sham because there is no joint, several, or alternative liability against Thompson and because she has no real connection to the claim against Target. (Def.'s Opp'n 3:19-22, Dkt. #15.)

2

Target further argues that because there is no allegation that Thompson created the dangerous condition that caused Plaintiff to fall, she is not an indispensable party. *Id.* at 3:26-4:5.

As to the amount in controversy, Plaintiff argues in his motion that Target failed to satisfy its burden of proving that the amount in controversy exceeds the jurisdictional minimum (Pl.'s Mot. 2:21-26,. Dkt. #10.)  In response, Target argues that it is more than likely that the amount in controversy in this matter exceeds $75,000, based on Plaintiff's allegations of serious injury requiring surgery, the use of three braces, claims for wage loss, and loss of earning capacity. (Def.'s Opp'n 4:15-17, Dkt. #15.)  In his Reply, Plaintiff concedes that Target "makes reasonable arguments concerning the amount in controversy, based upon the Declaration of Gail C. Trabish in Opposition to Plaintiff's Motion to Remand, which provides facts indicating that the amount in controversy in this action exceeds $75,000." (Pl.'s Reply 2:25-26, Dkt. #18.)

Finally, Target argues that because the Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a), it would also have supplemental jurisdiction over the claim against the non-diverse Defendant Thompson under 28 U.S.C. § 1367. (Def.'s Opp'n 4:7-9, Dkt. #15.)  Plaintiff responds that this Court has been divested of original jurisdiction over this matter by joinder of Thompson, a non-diverse defendant. (Pl.'s Reply 4:12-15, Dkt. #18.)

The Court will address each argument in turn.

### A.   Legal Standard

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case shall be remanded.  28 U.S.C. § 1447(c).  The Court "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Under this strong presumption against removal jurisdiction, the defendant always has the burden of proving that removal is proper. *Id.* "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

District courts have diversity jurisdiction over all civil actions between citizens of different states, or between citizens of a state and citizens or subjects of a foreign state, where the amount in

3

1  controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  When a plaintiff
2  files in state court a civil action over which the federal district courts would have had original
3  jurisdiction based on diversity of citizenship, a defendant may remove the action to federal court,
4  provided that no defendant is a citizen of the state in which such action is brought.  *Caterpillar, Inc.*
5  *v. Lewis*, 519 U.S. 61, 62 (1996) (citing 28 U.S.C. § 1441(a) and (b)).

**B.    Whether the Addition of Defendant Thompson Destroys Diversity Between the Parties**

      1.    Rule 15(a) Amendment

Target first argues that Plaintiff improperly amended his complaint to add Defendant Thompson.  Specifically, Target argues that joinder of Thompson was improper because Plaintiff failed to seek leave of court under Federal Rule of Procedure 15(a).  (Def.'s Mot. 3:6-8, Dkt. #15.)

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once "as a matter of course" within 21 days following service of a responsive pleading.  Here, Plaintiff filed his initial complaint on October 19, 2009, (Removal Pet., Ex. B, Dkt. #1; Trabish Decl., Ex. A, Dkt. #16), Target filed its Answer on December 2, 2009, (Dkt. #2), and Plaintiff filed his First Amended Complaint on December 18, 2009, naming Thompson as a defendant (Pl.'s FAC, Dkt. #8).  Thus, because Plaintiff amended his complaint within 21 days after Defendant filed its answer, the Court finds that the amendment was proper under Rule 15(a).

      2.    Whether Joinder of Thompson is a Sham

Next, Target argues that the late inclusion of Thompson is merely a sham intended to defeat diversity.  (Def. Opp'n 3:10-11, Dkt. #15.)  Target's basis for this argument is that Plaintiff did not allege that Thompson "created the dangerous condition in which Plaintiff fell, only that she was the manager of the store at the time the incident occurred."  *Id.* at 3:27-4:1.  In response, Plaintiff argues that joinder is not fraudulent because he alleges that Thompson undertook to maintain Target premises yet failed to do so; he thus asserts that he states a viable cause of action against Thompson.  (Pl.'s Reply 3:9-13, Dkt. #18.)

4

When subject matter jurisdiction lies based on diversity, there must be complete diversity between each plaintiff and each defendant. *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001). However, there is an exception to the complete diversity rule where a defendant has been joined fraudulently. *Id.* Joinder of a non-diverse defendant will be deemed fraudulent, "and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* In *Morris*, the plaintiff booked a cruise through one of the defendants, a booking agent, and subsequently alleged a cause of action for negligent misrepresentation against it. *Id.* at 1067-1068. When the other defendant in the case removed the action to federal court, the plaintiff brought an action for remand, contending that the presence of the booking agent, a non-diverse defendant, destroyed diversity. *Id.* at 1066. In considering the elements of a claim for negligent misrepresentation under Texas law, the court held that the plaintiff's allegation was clearly insufficient to support such a claim. *Id.* at 1067-68. Thus, the court found that the agent's presence in the lawsuit at the time of removal was properly ignored, and that removal was proper based on diversity of citizenship. *Id.* at 1068.

Here, Plaintiff alleges general negligence against Thompson and Target related to his fall, claiming that Defendants "failed to properly maintain, control and repair the condition of th[e] floor, although they undertook to do so." (Pl.'s FAC ¶ 12, Dkt. # 8). Specifically, Plaintiff alleges that Defendants "failed to warn the public of the puddle on the floor, or to cordon off the area of the floor where the puddle was, although they knew that the public would be walking on the floor in that area," and that "[t]here were no cones, barriers, or signs warning of the floor and puddle's hazard to the public, and this created a dangerous condition." (Pl.'s FAC ¶ 12, Dkt. # 8). Plaintiff alleges that this failure on Defendants' part "is the direct and proximate cause of the serious injuries and the resulting economic and non-economic damages sustained by Plaintiff Vince Vreeland." *Id.*

To state a claim for negligence, "plaintiff must demonstrate that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of his or her injuries." *Morris v. De La Torre*, 36 Cal. 4th 260, 264 (2005). Though "a

store owner is not an insurer of the safety of its patrons, the owner does owe them a duty to exercise reasonable care in keeping the premises reasonably safe." *Ortega v. Kmart Corp.* 26 Cal. 4th 1200, 1205 (2001). The exercise of care requires that reasonable inspections be made. *Id.* The "care required is commensurate with the risks involved." *Id.* Thus, to establish liability, the plaintiff must prove actual or constructive knowledge of the risk. *Id.* at 1206. However, an inference of negligence may be established where there has been a failure to inspect the area for an extended period of time. *Id.* at 1208. Here, based on the allegations of negligence in Plaintiff's FAC and the law cited above, there is not an obvious failure to state a cause of action against Defendant Thompson, and her joinder is not fraudulent. *Morris v. Princess Cruises, Inc.*, 236 F.3d at 1067. Plaintiff has alleged that Thompson had a duty to keep the floor safe and that her alleged failure to do so caused his injuries. Accordingly, Plaintiff has properly stated a claim of negligence against Thompson, and the Court finds that the joinder of Thompson was proper.

**C.     Amount in Controversy Requirement**

Next, Target argues that it is more than likely that the amount in controversy in this matter exceeds $75,000, based on Plaintiff's allegations of serious injury. (Def.'s Opp'n 4:15-17, Dkt. #15.) Though Plaintiff originally contended that Target failed to satisfy its burden of proving that the amount in controversy exceeds the jurisdictional minimum, (Pl.'s Mot. 2:21-26,. Dkt. #10), Plaintiff's Reply concedes that Target "makes reasonable arguments concerning the amount in controversy, based upon the Declaration of Gail C. Trabish in Opposition to Plaintiff's Motion to Remand, which provides facts indicating that the amount in controversy in this action exceeds $75,000." (Pl.'s Reply 2:25-26, Dkt. #18.)

In actions based on diversity, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a). When the complaint is unclear as to the amount of damages sought by the plaintiff, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 566-67. Here, Target notes that Plaintiff alleges serious injuries for which he underwent surgery, that he had to wear at least three

6

braces, and that he claims wage loss and loss of earning capacity. (Def.'s Opp'n 4:15-18, Dkt. #15.) Because Plaintiff acknowledges that the amount in controversy likely exceeds $75,000 (Pl.'s Reply 2:25-26, Dkt. #18), the Court finds that Target has met its burden on this issue. However, as discussed above, there is not complete diversity between the parties as required by 28 U.S.C. § 1332, and the Court lacks jurisdiction despite the amount in controversy.

**D.     Supplemental Jurisdiction**

Finally, Target argues that because the Court had original jurisdiction over this matter at the time of removal under 28 U.S.C. § 1332(a), it has supplemental jurisdiction over the claim against Defendant Thompson under 28 U.S.C. § 1367. (Def.'s Opp'n 4:7-9, Dkt. #15.) Other than quoting § 1367, Target provides no legal authority for this argument. 28 U.S.C. § 1367 provides that where additional parties are joined and the claims against them are related to claims against the original defendant, the court shall have supplemental jurisdiction over those claims and parties. 28 U.S.C. § 1367(a). However, where the original basis for jurisdiction is based on diversity and the plaintiff later joins a non-diverse party as a defendant under Federal Rule of Civil Procedure 20 ("FRCP"), supplemental jurisdiction cannot be exercised over that party. 28 U.S.C. § 1367(b). FRCP 20 provides that persons may be joined as defendants where the right to relief asserted arises out of the same transaction or occurrence and where there is a question of law or fact common to all defendants. Fed. R. Civ. P. 20(a). Here, Plaintiff's claim against both Defendants arises out of the same occurrence, and questions of law and fact, such as duty to warn and maintain and knowledge of the wet floor, are common to both Defendants. Thus the Rule 20 joinder of Thompson prevents this Court from exercising supplemental jurisdiction over Plaintiff's claims against her. Accordingly, this Court has neither original nor supplemental jurisdiction over this claim as it stands following the amendment of Plaintiff's complaint adding Defendant Thompson.

## IV. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's Rule 15(a) addition of Defendant Thompson divested this Court of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly,

7

Plaintiff's Motion to Remand to state court is hereby GRANTED and this matter is REMANDED to the San Benito County Superior Court of the State of California.

**IT IS SO ORDERED.**

Dated: February 11, 2010

MARIA-ELENA JAMES
Chief United States Magistrate Judge